IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DARREN WEBSTER,<br><br>        Plaintiff,<br><br>vs.<br><br>KARA OCCANELL, STEPHANIE, and MARY,<br><br>        Defendants. | CV-23-55-BU-BMM<br><br>ORDER |

      Plaintiff Darren Webster lodged a pro se Complaint without paying his filing fee on August 4, 2023. Webster has never paid his fee or filed a proper motion to proceed in forma pauperis, despite several communications with the Clerk of Court. Webster was directed to file his account statement by July 30, 2024. (Doc. 7.) Webster has not done so. Mail to Webster has been returned as undeliverable. The Court finds that dismissal for failure to prosecute is appropriate.

      Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

1

In determining whether Webster's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Webster's Complaint was lodged a year ago, and due to his failures to comply with Court orders, it has not been properly filed. This factor weighs in favor of dismissal.

The second factor likewise supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Webster fails to comply with

court orders. Webster's case has consumed judicial resources and time that could have been better spent on other matters. This factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays the prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The Complaint has not been served, so the delay has only a theoretical effect on future defendants.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). The Court is not required to exhaust all alternatives before dismissal. *Id.* The Court attempted to provide Webster with time and opportunity to provide the required information. Webster has failed to rectify his errors. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). In light of the other factors favoring dismissal, the weight of this factor is slight. The Court will therefore dismiss this matter for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

Based on the foregoing, the Court issues the following:

## ORDER

This matter is DISMISSED without prejudice. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

DATED this 10th day of September, 2024.

_____
Brian Morris, Chief District Judge
United States District Court